**WAYMAR MEDICAL, INC., Watts Medical, and Ortho–Care, Inc., Plaintiffs,**

v.

**AMERICAN MEDICAL ELECTRONICS, INC., Defendant.**

**No. 92–C–145.**

United States District Court, E.D. Wisconsin.

Feb. 26, 1992.

---

Murphy & Desmond by Richard Pitzner, Madison, Wis., Mitchell A. Kramer & Associates by Mitchell A. Kramer, Jenkintown, Pa., for plaintiffs.

Michael, Best & Friedrich by Charles P. Grauper and Joshua L. Gimbel, Milwaukee, Wis., Jones, Day, Reavis & Pogue by Irene Savanis, Chicago, Ill., Jones, Day, Reavis & Pogue by Keith C. McDole & George A. Nicoud III, Dallas, Tex., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

■ On February 10, 1992, defendant American Medical Electronics, Inc., filed a "Notice of Removal" of this action asserting state law breach of contract and Wisconsin Fair Dealership Law claims. The action was originally brought in the circuit court of Ozaukee County, Wisconsin. In its notice of removal, the defendant asserts that this action is properly removable under 28 U.S.C. § 1441 (although it neglects to identify exactly what subsection of § 1441 it purports to rely upon) because the action is one wholly between citizens of different states and the amount in controversy exceeds the sum of $50,000. *See* 28 U.S.C. §§ 1332(a)(1). Ostensibly, the defendant relies upon 28 U.S.C. § 1441(a), which provides, in part:

[A]ny civil action of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending.

After a petition for removal is filed, 28 U.S.C. § 1447(c) directs a district court to remand the action "any time before final judgment [if] it appears that the district court lacks subject matter jurisdiction." *See also Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir.1986) (district courts are to review all complaints promptly to determine whether federal jurisdiction is properly alleged). The court has conducted an initial review of the removal petition and is compelled to remand the action to the state court in which it was originally brought because the notice of removal fails to establish subject matter jurisdiction.

■ The defendant asserts that the court has jurisdiction over this action because diversity of citizenship exists between the parties. Under 28 U.S.C. § 1332(a)(1), diversity of citizenship exists where

the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between ... citizens of different States; ....

Further, for purposes of determining diversity, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business...." 28 U.S.C. § 1332(c)(1) (with emphasis added). Insofar as this action involves multiple corporate plaintiffs, *each* plaintiff must differ in citizenship from *each* defendant—the rule of "complete diversity"—in order for subject matter jurisdiction to exist under § 1332. *See Strawbridge v. Curtiss*, 7

U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Bagdon v. Bridgestone/Firestone, Inc.,* 916 F.2d 379, 381 (7th Cir.1990); *cert. denied,* —— U.S. ——, 111 S.Ct. 2257, 114 L.Ed.2d 710 (1991).

The notice of removal discloses that the defendant is a citizen of Texas in that it is a Texas corporation with its principal place of business in Dallas, Texas. However, a "Correction to Defendant's Notice of Removal," which was filed on February 19, 1992, reveals that the defendant is a Minnesota corporation, not a Texas corporation. Thus, the defendant is a citizen of *both* Texas and Minnesota. In addition, the notice of removal discloses that (1) plaintiff Waymar Medical Inc. is a citizen of Wisconsin in that it is incorporated in the state of Wisconsin and has its principal place of business in Mequon, Wisconsin, (2) plaintiff Watts Medical is a citizen of Indiana in that it is incorporated in Indiana and has its principal place of business in Indianapolis, Indiana, and (3) plaintiff Ortho–Care, Inc. is a citizen of *both* New Mexico and Texas in that it is incorporated in New Mexico and has its principal place of business in Dallas, Texas.

Thus, it is patently clear from the face of the notice of removal that each of the several plaintiffs does not differ in citizenship from the defendant; specifically, diversity of citizenship is lacking between the defendant (a citizen of Texas) and plaintiff Ortho–Care, Inc. (also a citizen of Texas). Accordingly, because "it appears that the court lacks subject matter jurisdiction," this action will be remanded to the circuit court of Ozaukee County. *See* 28 U.S.C. 1447(c).

Therefore IT IS ORDERED that the action be and hereby is remanded.

IT IS ALSO ORDERED that the clerk of court be and hereby is directed to remand the action to the circuit court of Ozaukee County.