**BOARD OF EDUCATION OF DECATUR SCHOOL DISTRICT NO. 61, County of Macon, State of Illinois, Plaintiff,**

v.

**RAINBOW/PUSH COALITION; Founder and President Reverend Jesse L. Jackson, Sr.; Reverend James Meeks; National Education Spokesperson Valerie Johnson; Illinois Field Director Mark Allen; Decatur Chapter President Richard Tomlinson; Decatur Chapter Vice President Keith Anderson; Decatur Spokesperson Julius Bailey; Cleo Willes; and the following Students and their Parents and/or Guardians: Shawn J. Honorable; Eureka Honorable; Terrence Jarrett; Marilyn Jarrett; Courtney Carson; Tony Carson; Bruce Manns; Marlita Manns; Errol Bond; Reverend Mark Bond; Roosevelt Harris; Roosevelt Fuller; Gretta Fuller; Gregory Howell; and Cynthia Howell, Defendants.**

No. 99–CV–2288.

United States District Court,
C.D. Illinois,
Danville/Urbana Division.

Dec. 3, 1999.

Jeffrey C. Taylor, Everett E. Nicholas, Jr., Robbins, Schwartz, Nicholas, Lifton & Taylor, Decatur, IL, for Plaintiff.

Lewis Myers, Jr., Chicago, IL, for Defendants.

## ORDER

McCUSKEY, District Judge.

In October of 1999, Plaintiff Board of Education of Decatur School District No. 61 (the "District") expelled six students and allowed another to withdraw after the students participated in a fight at a school-sponsored event. This decision generated some controversy in the community, prompting Defendants to demonstrate in protest on District property. In response to these demonstrations, the District brought a civil complaint against Defendants in the Circuit Court of Macon County, Illinois on November 17, 1999. In its complaint, the District alleged that the demonstrations were disrupting its schools, and sought a Temporary Restraining Order and Permanent Injunction to impose limits on the demonstrators in an effort to minimize this disruption.

On November 22, 1999, Defendants filed a timely Notice of Removal (# 1) to bring the matter before this court under 28 U.S.C. §§ 1441 & 1446 (West 1999). For the following reasons, the court finds that this removal was improper and remands this action to state court.

## ANALYSIS

Federal courts are courts of limited jurisdiction. All federal courts, except for the Supreme Court, derive their jurisdiction from Congress' power under the Constitution to "ordain and establish" inferior courts. U.S. Const. art. III, § 1; *Lockerty v. Phillips*, 319 U.S. 182, 187, 63 S.Ct. 1019, 87 L.Ed. 1339 (1943); *In the Matter of the Application of County Collector of the County of Winnebago, Illinois,* 96 F.3d 890, 895 (7th Cir.1996). Because a federal court's jurisdiction is limited, it has a "non-delegable duty to police the limits of feder-

al jurisdiction with meticulous care." *Market Street Assocs. Ltd v. Frey,* 941 F.2d 588, 590 (7th Cir.1991); *see also Krueger v. Cartwright,* 996 F.2d 928, 930 (7th Cir.1993); Fed.R.Civ.P. 12(h)(3) (West 1999). In keeping with this duty, the court has reviewed the jurisdictional issues presented by Defendants' Notice of Removal sua sponte, and finds that it lacks jurisdiction over this case. *See Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986) (instructing that "[t]he first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged").

 A federal court may hear a removed case only if the court has subject matter jurisdiction over that case. *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir.1993). A court should presume that a plaintiff's choice of forum is proper and resolve doubts about jurisdiction in favor of the states. *Allied–Signal,* 985 F.2d at 911 (*citing Jones v. General Tire & Rubber Co.,* 541 F.2d 660, 664 (7th Cir.1976)). Furthermore, the burden of establishing jurisdiction falls on the party seeking removal. *Allied–Signal,* 985 F.2d at 911 (*citing Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921)).

 Section 1447(c) directs a district court to remand a case to state court if it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). In determining whether it has jurisdiction, the court applies the well-pleaded complaint rule. Under that rule, a federal court has subject matter jurisdiction only if "the suit—as the plaintiff framed or easily could have framed it in the complaint—would have been within the district court's original jurisdiction at the time of the removal." *Federal Deposit Ins. Corp. v. Elefant,* 790 F.2d 661, 667 (7th Cir.1986) (*citing Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The court shall not assert jurisdiction, however, "when the only federal question posed is raised by a defense argu-

ment, even if the plaintiff anticipated the defense argument and even if both parties concede the federal question is the only real issue in the case." *Allied–Signal,* 985 F.2d at 911; *cf. Elefant,* 790 F.2d at 667 (explaining that even subsequent filing of a federal counterclaim does not confer federal jurisdiction). Thus, a defendant cannot create a federal question by asserting an issue of federal law in a pleading or removal petition. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). In other words, "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 810 n. 6, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

 In this case, Defendants point to no specific federal cause of action in the District's complaint. Instead, they contend that the case "raises substantial questions of federal law and/or at least one of the claims is effectively one of federal law." Specifically, Defendants point out that the District seeks to restrict their demonstrations, which ultimately implicates their constitutionally-protected rights to freedom of speech and assembly. Thus, Defendants argue, this case will inevitably require the presiding court to apply federal constitutional law. That application of federal law, they conclude, provides this court with jurisdiction.

In support of this argument, Defendants cite several United States Supreme Court cases that appear to govern the constitutional issues implicated by the District's request for an injunction. In *Schenck v. Pro–Choice Network Of Western New York,* 519 U.S. 357, 117 S.Ct. 855, 137 L.Ed.2d 1 (1997), the Supreme Court addressed the constitutionality of a federal district court's injunction limiting where and how protesters could demonstrate outside of an abortion clinic. In *Schenk,* however, the plaintiffs brought a federal claim against the protesters under 42 U.S.C. § 1985(3), which prohibits harassment of women seeking abortions and other family

planning services. *Schenck,* 519 U.S. at 362, 117 S.Ct. 855. Thus, that case originated in federal court not because federal constitutional issues were at stake, but because the plaintiff's complaint included a federal cause of action. Likewise, in *Frisby v. Schultz,* 487 U.S. 474, 108 S.Ct. 2495, 101 L.Ed.2d 420 (1988), the plaintiffs sought to enjoin the enforcement of a town ordinance limiting where they could demonstrate in protest of abortion. The plaintiffs in *Frisby* brought their complaint under 42 U.S.C. § 1983, a federal civil rights statute, which conferred federal jurisdiction. *Frisby,* 487 U.S. at 477, 108 S.Ct. 2495.

Finally, Defendants cite *Madsen v. Women's Health Center, Inc.,* 512 U.S. 753, 114 S.Ct. 2516, 129 L.Ed.2d 593 (1994), in which the Court discussed the constitutionality of restrictions on abortion protesters under the First Amendment. In *Madsen,* however, a Florida state court issued the injunction in dispute; the case did not originate in federal court. The Supreme Court agreed to review the case after it had proceeded through the Florida appellate system. *Madsen,* 512 U.S. at 757, 114 S.Ct. 2516.

Thus, in each of the three cases relied upon by Defendants, the complaint either alleged federal causes of action, or the case was litigated originally in state court. Defendants have not pointed to any case in which a federal district court derived jurisdiction solely from the existence of federal constitutional issues in a case. Nor could they, as the Seventh Circuit has made clear that the "mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Seinfeld v. Austen,* 39 F.3d 761, 764 (7th Cir.1994) (*quoting Merrell Dow,* 478 U.S. at 813, 106 S.Ct. 3229).

In light of these well-established principles, this court simply lacks jurisdiction over this case, even if federal constitutional law ultimately dictates its outcome. The court therefore has no choice but to remand the matter to the Circuit Court of the Sixth Judicial Circuit, Macon County, Illinois.