Gerald **BROADWATER**, and Joseph Rowane, Plaintiffs,

v.

**HEIDTMAN STEEL PRODUCTS, INC.**, and Darryl Whitner, Defendants.

No. 03–CV–0108–DRH.

United States District Court, S.D. Illinois.

May 29, 2003.

---

**672**

Heidi L. Leopold, Martin, Malec, et al., St. Louis, MO, for Gerald Broadwater, Joseph Rowane, plaintiffs.

Burton D. Garland, Jr., Mary Carter Martin, McMahon, Berger et al.—St. Louis, St. Louis, MO, James N. Foster, Jr., McMahon, Berger et al.—Collinsville, Madison County, Collinsville, IL, for Heidtman Steel Products Inc, an Ohio Corporate Master Registered and doing business in the State of Illinois, Darryl Whitner, individually, David Hemphill, defendants.

### MEMORANDUM AND ORDER

HERNDON, District Judge.

#### I. *Introduction*

Before the Court today is the Plaintiffs' motion to remand this case to the Circuit Court of Madison County, Illinois. (Doc. 9). Because the Court finds that it has subject matter jurisdiction per the diversity statute, the Court **DENIES** the motion.

#### II. *Analysis*

Plaintiffs filed a complaint in the Circuit Court of Madison County, Illinois, seeking damages from the Defendants per the Illinois Eavesdropping Act. 720 ILCS 5/14–1 et seq., and, in a separate count, punitive damages per the same statute. Asserting the Court's diversity jurisdiction. Defendant removed the case to this Court. Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

Defendants properly alleged that the amount in controversy meets the jurisdictional minimum (Doc. 1, ¶ 10), and the Plaintiffs expressly agreed. (Doc. 9, ¶ 4). However, the Plaintiffs argue that the parties to this case are not completely diverse. In their Response to the Notice of Removal, Plaintiffs challenged the Missouri citizenship of one of the Defendants, Darryl Whitner, claiming that he may no longer reside in that State. (Doc. 8, ¶ 9). In their remand motion, Plaintiffs also challenged the citizenship of the corporate defendant. Heidtman Steel. (Doc. 9, ¶¶ 6–9). Since Plaintiffs are both Illinois citizens (Doc. 9, ¶ 9), diversity would be destroyed if either Mr. Rowane or Heidtman Steel is an Illinois citizen. Once the minimum amount in controversy is satisfied, the Court can exercise its diversity jurisdiction only if "none of the parties on either side of the litigation [is] a citizen of a state of which a party on the other side is a citizen." *Howell by Goerdt v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir.1997) (Posner, J.).

 An individual defendant is a citizen of the state where he is domiciled, which is "the place one intends to remain." *Dakuras v. Edwards,* 312 F.3d 256, 258 (7th Cir.2002) (Posner, J.). A corporation is a citizen of "any State in which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1), which the Seventh Circuit has interpreted to mean is its "nerve center."

*Metropolitan Life Insurance Company v. Estate of Cammon,* 929 F.2d 1220, 1223 (7th Cir.1991). Under this approach, "a corporation has a single principal place of business where its executive headquarters are located." *Id.* Parties asserting federal jurisdiction must support their allegations of individual and corporate citizenship by "competent proof," meaning "proof to a reasonable probability that jurisdiction exists." *Middle Tennessee News Co. v. Charnel of Cincinnati, Inc.,* 250 F.3d 1077, 1081 (7th Cir.2001), citing *NLFC, Inc. v. Devcom Mid–America Inc.,* 45 F.3d 231, 237 (7th Cir.1995) and *Target Market Publishing, Inc. v. ADVO, Inc.,* 136 F.3d 1139, 1142 (7th Cir.1998).

■ Defendants have met their burden with respect to the individual defendant, Darryl Whitner. In support of their allegation of his Missouri citizenship, Defendants filed a copy of Mr. Whitner's deposition, taken in an earlier phase of this case. Mr. Whitner testified that he has been married fifteen years, has children, and lives in Missouri. (Doc. 1, Ex. C). Plaintiffs offered no evidence contradicting this evidence, and may have abandoned the argument. Although Plaintiffs denied Mr. Whitner's Missouri citizenship in their Response to the Notice of Removal, (Doc. 8, ¶ 9), they did not question his citizenship in their remand motion. (Doc. 9). For the purposes of determining subject matter jurisdiction, the Court finds that Defendant Darryl Whitner is a citizen of the State of Missouri.

The situation is somewhat more complex with respect to the corporate defendant. Heidtman Steel. Plaintiffs argue that Heidtman's principal place of business is Granite City, Illinois, because it maintains a regional sales office and processes steel there. (Doc. 9, ¶ 7). "It is *a* main operating facility performing the essential functions of the company." (Doc. 9, ¶ 7) (emphasis supplied). Plaintiffs also point out

that Heidtman's Illinois registered agent for service of process is also located at the Granite City facility.

However, Defendants submitted the affidavit of Ms. Sandy Tosha, the Director of Human Resources for Heidtman Steel. (Doc. 11, Ex. A). Ms. Tosha's testimony establishes that Heidtman is incorporated in Ohio, that it maintains its primary corporate office in Ohio, and that most of its executives are located there. *Id.* Almost all of the corporate decisions are made in Ohio, its primary bank accounts are located in Ohio, and Heidtman holds itself out in litigation as an Ohio corporation. *Id.* This testimony is unrebutted.

■ The Court rejects Plaintiff's analysis. Corporations can do business in many states, but they "have *one* principal place of business for purposes of 28 U.S.C. § 1331(c)(1)." *Metropolitan Life,* 929 F.2d at 1223 (emphasis in original). Although Heidtman may well do a considerable amount of its business in Illinois, the undisputed factual record establishes that its corporate nerve center is in Ohio. Therefore, for purposes of determining diversity jurisdiction, Heidtman is an Ohio citizen.

■ Finally, Plaintiff has attempted to preclude federal jurisdiction by filing a post-removal Amended Complaint which adds a new defendant, David Hemphill, a citizen of Illinois. This attempt to undermine federal jurisdiction after it attached fails. As Mr. Hemphill is an Illinois citizen, his presence in the case would defeat diversity if he counted in the jurisdictional analysis. However, the Court must consider the facts as they exist only at the time of filing the Notice of Removal. *Gossmeyer v. McDonald,* 128 F.3d 481, 487 (7th Cir., 1997). Since Mr. Hemphill was not a party at the time Defendants filed their Notice of Removal, the Court must not consider his Illinois citizenship. Without Mr. Hemphill, the parties are com-

674

pletely diverse, the amount in controversy is met, and the Court has subject matter jurisdiction.

### III. *Conclusion*

The Court has subject-matter jurisdiction per the diversity statute, 28 U.S.C. § 1332(a). Therefore, the Court **DENIES** Plaintiff's motion to remand. (Doc. 9).

**IT IS SO ORDERED.**