Wendell Dwayne O'NEAL 202 Honorway Madison, Alabama 35758, Plaintiff,

v.

Tony ATWAL, Mark F. Anderson, Lawrence Hammerling and State Public Defender Office, 2221 University Ave., Southeast Suite 425 Minneapolis, MN 55414, jointly and severally, Defendants.

Wendell Dwayne O'Neal, 202 Honorway Madison, Alabama 35758, Petitioner,

v.

Unknown Superamerica Employees, 38th & Freemont Ave., Minneapolis, Mn., Two Unknown Minneapolis Police Officers, Minneapolis Police Dept., City of Minneapolis, Minneapolis, Minnesota, 55401, Unknown Hennepin County Asst. D.A., Hennepin County D.A. Office, Gov. Centre, 300 S., 6th Street, Minneapolis, Minnesota, Unknown Hennepin County Deputy Sheriff, Hennepin County Sheriffs Dept., County of Hennepin, Minneapolis, Mn., Jointly/Severally/Officially, as Agents/Agencies/Municipalities, Respondents.

Nos. –5 C 739 C, 06 C 40 C.

United States District Court, W.D. Wisconsin.

April 4, 2006.

Wendell D. O'Neal, Madison, WI, pro se.

## ORDER

CRABB, District Judge.

Plaintiff Wendell Dwayne O'Neal is homeless. In mid to late December 2005 and early January of this year, he filed a number of complaints and amended complaints in this court, while he was taking shelter in one of Madison, Wisconsin's homeless shelters. On his complaints, he lists his address as 202 Honorway, Madison, Alabama. However, he has not been in Alabama since filing his complaints. Indeed, it is not clear when he was last in Alabama.

On January 13, 2006, I allowed him to proceed *in forma pauperis* in case no. 05–C–739–C, against defendants Atwal, Anderson and Hammerling, on a claim that these defendants intentionally inflicted emotional harm on plaintiff while plaintiff was in Minnesota. In the same order, I gave plaintiff until February 13, 2006, in which to complete blank Marshals Service and summons forms so that his complaint could be served on the defendants. Later, on March 8, 2006, I extended to March 17, 2006, the time within which plaintiff was to complete and return the necessary forms. In the same order, I stayed a decision on a motion plaintiff had filed seeking consolidation of case no. 05–C–739–C with another of his cases, *O'Neal v. Minneapolis Police Department,* 06–C–40–C.

In case no. 06–C–40–C, plaintiff sued a number of individuals, all of whom appear to reside in Minnesota. However, plaintiff did not identify any one of the defendants by name, making it impossible to serve his complaint upon any one of them. In an order dated March 14, 2006, I dismissed plaintiff's complaint without prejudice to his filing a new complaint, on or before April 4, 2006, in which he lists the individual defendants by their names. I told plaintiff that if he was unable to learn the defendants' names, he could list them as "John Doe" or "unknown." However, in that instance, I advised plaintiff that he would have to explain what steps he had taken to learn the identities of the defendants. This is because a plaintiff has 120 days from the date he files his complaint in which to serve the defendants. Fed. R.Civ.P. 4(m). If the complaint is not served within that time, upon its own initiative after notice to the plaintiff, the court must dismiss the action without prejudice unless it appears clear that service can be effected promptly thereafter.

Throughout the now nearly four months that these cases have been submitted to this court, the court has had difficulty maintaining any reliable form of communication with plaintiff because of his lack of a permanent address and his distance from Alabama. Now plaintiff has filed in case no. 05–C–739–C a document titled "Time Extension Motion." In this document, plaintiff states that on March 4, 2006, he was arrested by a state trooper in Tomah, Wisconsin and transported to Hennepin County, Minnesota to answer charges that he had violated the terms of a sentence of probation he received in connection with a conviction in Minnesota. For this reason, he has been unable to comply with the court's orders in case nos. 05–C–739–C and 06–C–40–C.

From the documents attached to plaintiff's motion, it appears that on March 16, 2006, the charges against plaintiff were dropped and plaintiff was released on the conditions that he follow the recommendations of his probation officer and remain law abiding. The address plaintiff shows on the document is 1738 Roth Street, Madison, Wisconsin (the homeless shelter address). However, that is not an address at which plaintiff is currently staying. He has contacted the office of the clerk of court by telephone to advise that he does not have a street address and to ask that documents from the court be faxed to him in Minnesota.

■ The difficulty with plaintiff's request for a time extension is that he offers no idea when he will be situated in an environment that will allow him the time he needs to respond in a timely fashion to the court's orders. The 120–day rule for completing service of process is just one of a number of rules in the Federal Rules of Civil Procedure requiring that the parties act within established deadlines in the course of litigation. In addition, this court keeps close watch over its cases and re-quires that the parties move them persistently and diligently to resolution. It is simply not feasible for the court and defendants to wait for plaintiff to call periodically from a shelter or a pay phone to let us know where he is so that orders entered by the court and documents filed by the defendants can be sent to him. Under plaintiff's present circumstances, where basic human needs for survival are his foremost concern, it appears improbable that plaintiff will be able to attend to his cases as he must if he is to prosecute them in this court. Nevertheless, I will offer plaintiff one more opportunity to comply with this court's orders and to provide an address at which he is certain to receive communications from the court and the defendants so that he can timely respond to them. If plaintiff does not comply with this order within the time allowed, I will dismiss his cases without prejudice to his refiling them at some future date when his living circumstances have stabilized.

■ One last matter requires attention, however. Plaintiff's recent return to Minnesota, albeit against his will, raises a question whether this court does, in fact, have jurisdiction under the diversity statute to entertain his claims under state law against various citizens of Minnesota. The diversity statute, 28 U.S.C. § 1332, extends federal jurisdiction to disputes between citizens of different states in which the amount in controversy exceeds $75,000.00. The existence of diversity jurisdiction is determined at the time a case begins. *Denlinger v. Brennan,* 87 F.3d 214, 216 (7th Cir.1996). An individual is a citizen of the state in which he is domiciled. *Dausch v. Rykse,* 9 F.3d 1244, 1245 (7th Cir.1993). To be domiciled in a state, an individual must be physically present in that state and intend to remain there indefinitely. *Perry v. Pogemiller,* 16 F.3d 138, 140 (7th Cir.1993).

■ Plaintiff was physically present in Wisconsin when he filed his complaint in case no. 05–C–739–C. However, it is unclear whether he intended to remain in Wisconsin indefinitely. To determine where an individual intends to remain, courts look for objective manifestations of intent such as where the individual is employed and registered to vote; where he pays taxes; the location of his bank accounts, personal property and any land he owns; and whether the individual belongs to any clubs or organizations. 15 *Moore's Federal Practice* § 102.36[1] (3d ed.2005). Also, an individual's statement that he intends to remain indefinitely in a particular state is given some weight.

■ Every individual acquires a domicile at birth; his domicile is the state in which his parents or guardian is domiciled. That domicile continues until the individual adopts a new domicile by moving to another state and demonstrating his intent to remain in that new state indefinitely. *Kaiser v. Loomis,* 391 F.2d 1007, 1009 (6th Cir.1968). The documents plaintiff has filed with this court do not indicate how long he has been homeless. However, they do indicate that he has spent time in at least four states: Michigan, Minnesota, Alabama and Wisconsin. Because it is plaintiff's burden to establish that this court has jurisdiction over his claim, I will give plaintiff a short amount of time to submit an affidavit listing answers to the following questions:

1. Before becoming homeless and not including any period of incarceration, what was the last state in which you lived? When did you live there?

2. Have you ever held a job? If so, provide the name and city and state of your employer and the dates of your employment.

3. Have you ever been registered to vote? If so, when and in what state?

4. Have you ever filed an income tax return? If so, in what state did you file and when did you file?

5. Have you ever owned a home? If so, when and in what state?

6. Have you ever opened a bank account? If so, when and in what state?

7. Besides the Melanic Islamic Palace of the Rising Sun, have you ever belonged to any social or religious organizations? If so, provide the name of the organization, the approximate date on which you joined and the state in which you lived when you joined.

8. Have you ever had a driver's license? If so, in what state were you licensed?

9. Have you ever owned an automobile? If so, when and in what state was the the automobile registered?

## ORDER

IT IS ORDERED that plaintiff Wendell Dwayne O'Neal's motion for an extension of time is GRANTED. Plaintiff may have an enlargement of time to April 17, 2006, in which to submit to the court

1) an affidavit answering the questions set out above;

2) completed Marshals Service and summons forms for the defendants in case no. 05–C–739–C; and

3) a proposed amended complaint in case no. 06–C–40–C, identifying the individuals he wishes to sue so that if he is allowed to proceed with the action, his complaint may be served on the defendants. If, by April 17, 2006, plaintiff has not filed an amended complaint with the name of at least one defendant in case no. 06–C–40–C and does not convince the court that he is about to learn the names imminently, I will instruct the clerk of court to close that case.

948

Further, IT IS ORDERED that if, by April 17, 2006, plaintiff fails to submit completed Marshals Service and summons forms for the defendants in case no. 05–C–739–C *AND* an affidavit from which the court is satisfied that diversity jurisdiction exists over the case, then I will dismiss case no. 05–C–739–C without prejudice to plaintiff's filing his claims in a Minnesota state court.