Lyle **LYERLA,** d/b/a Wildewood Construction, Plaintiff,

v.

**AMCO INSURANCE COMPANY,** Defendant.

Civ. No. 06–679–GPM.

United States District Court, S.D. Illinois.

Sept. 27, 2006.

Jimmy D. Ellis, Burkart Law Offices, Maryville, IL, for Plaintiff.

Robert W. Cockerham, Brown & James, St. Louis, MO, for Defendant.

### MEMORANDUM AND ORDER

MURPHY, Chief Judge.

This matter is before the Court on preliminary review of the allegations of federal subject matter jurisdiction asserted in the notice of removal filed by Defendant AMCO Insurance Company ("AMCO"). *See Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *Board of Educ. of Decatur Sch. Dist. No. 61 v. Rainbow/Push Coalition,* 75 F.Supp.2d 916, 918 (C.D.Ill. 1999) (citing *Wisconsin Knife Works,* 781 F.2d at 1282) (reviewing a notice of removal sua sponte and holding that the court lacked federal subject matter jurisdiction); *Waymar Med., Inc. v. American Med. Elecs., Inc.,* 786 F.Supp. 754, 755 (E.D.Wis.1992) (same). *See also Hammes v. AAMCO Transmissions, Inc.,* 33 F.3d 774, 778 (7th Cir.1994) (noting that a fed-

eral court "has an independent duty to satisfy itself that it has subject-matter jurisdiction").

AMCO has removed this action from the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, to this Court in federal diversity jurisdiction, which requires of course that the parties to a case be of diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a); *Cassens v. Cassens,* 430 F.Supp.2d 830, 832–33 (S.D.Ill.2006); *Littleton v. Shelter Ins. Co.,* No. 99–912–GPM, 2000 WL 356408, at *1 (S.D.Ill. Mar.9, 2000). Although it is apparent from both the notice of removal and the allegations of the underlying state court complaint that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs, the Court finds that AMCO, which as the removing party has the burden of establishing federal jurisdiction, *see Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 540 (7th Cir.2006); *Cassens,* 430 F.Supp.2d at 833, has failed properly to allege complete diversity of citizenship.

AMCO's notice of removal in this case alleges only that Plaintiff Lyle Lyerla and his company, Wildewood Construction ("Wildewood"), "are residents of the State of Illinois." Doc. 3 ¶ 2. Such allegations clearly are insufficient to establish diversity jurisdiction, which is determined by citizenship of a state, not allegations of residency in a state. *See Tylka v. Gerber Prods. Co.,* 211 F.3d 445, 448 (7th Cir.2000) (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assocs.,* 101 F.3d 57, 59 (7th Cir.1996)) ("It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.' "); *America's Best Inns, Inc. v. Best Inns of Abilene,*

*L.P.,* 980 F.2d 1072, 1074 (7th Cir.1992) (in a diversity action, "when the parties allege residence but not citizenship, the only proper step is to dismiss the litigation for want of jurisdiction.").

■ The citizenship of a natural person for diversity purposes is determined of course by the person's domicile, *see Gilbert v. David,* 235 U.S. 561, 569, 35 S.Ct. 164, 59 L.Ed. 360 (1915); *Pollution Control Indus. of Am., Inc. v. Van Gundy,* 21 F.3d 152, 155 n. 4 (7th Cir.1994); *Williams v. Versto, Inc.,* No. 96 C 6427, 1996 WL 745338, at *1 (N.D.Ill.Dec.27, 1996); *Seaboard Fin. Co. v. Davis,* 276 F.Supp. 507, 509 (N.D.Ill.1967), which means the state where the person is physically present with an intent to remain there indefinitely. *See Perry v. Pogemiller,* 16 F.3d 138, 140 (7th Cir.1993); *Cassens,* 430 F.Supp.2d at 833; *O'Neal v. Atwal,* 425 F.Supp.2d 944, 946 (W.D.Wis.2006); *Broadwater v. Heidtman Steel Prods., Inc.,* 300 F.Supp.2d 671, 672 (S.D.Ill.2003). Therefore, assuming that Illinois is the state where Lyle Lyerla is domiciled, the notice of removal in this case must be amended to allege that Lyerla is a citizen, not a resident, of Illinois.

■ The Court notes further that the record in this case is ambiguous as to the citizenship of Wildewood for purposes of federal diversity jurisdiction. The notice of removal, as discussed, alleges that Wildewood is a "resident[ ] of the State of Illinois." Doc. 3 ¶ 2. The state court complaint in this case alleges that "[t]he Plaintiff, Lyle Lyerla, resides and conducts business, and has resided and conducted business at all relevant times, in Madison County, Illinois." Doc. 3, Ex. 1 ¶ 1. Finally, the record discloses some evidence that Wildewood is a corporation. *See* Doc. 5, Ex. B at 12. If Wildewood is a corporation, AMCO must allege the state where Wildewood is incorporated as well as the state where Wildewood maintains its principal place of business, that is, the "nerve center" where the corporation's executive headquarters and "directing intelligence" is located. *See* 28 U.S.C. § 1332(c)(1); *Metropolitan Life Ins. Co. v. Estate of Cammon,* 929 F.2d 1220, 1223 (7th Cir. 1991); *Jackson v. American Coal Co.,* No. Civ.05–4166–JLF, 2006 WL 181682, at *1 (S.D.Ill. Jan.23, 2006); *Elmhurst Consulting, LLC v. Gibson,* 219 F.R.D. 125, 126–27 (N.D.Ill.2003) (quoting *Wisconsin Knife Works,* 781 F.2d at 1282–83).

■ However, if Wildewood in fact is a sole proprietorship operated by Lyle Lyerla, then Wildewood's citizenship for diversity purposes is the citizenship of Lyerla. *See Smith v. Agresta,* No. Civ. A.04–5266, 2005 WL 950603, at *1 (E.D.Pa. Apr.21, 2005) (citing *Beasley v. Klepp,* CIV. A. No. 87–4878, 1988 WL 96801, at *1 (E.D.Pa. Sept.15, 1988)). If Wildewood is a sole proprietorship, then to establish diversity jurisdiction AMCO must allege that Wildewood is a sole proprietorship and allege the identity of the sole proprietor of Wildewood. *See Travelers Ins. Co. v. Broadway W. St. Assocs.,* Nos. 92 Civ. 5650(SWK), 92 Civ. 5651(SWK), 1994 WL 174242, at *5 (S.D.N.Y. May 5, 1994). As currently pleaded, the allegations of AMCO's notice of removal are inadequate to permit the Court to ascertain whether complete diversity of citizenship exists in this case. *See id.* (holding that where it was unclear on the face of the pleadings whether a defendant was a sole proprietorship or a partnership, the proponent of federal subject matter jurisdiction "ha[d] not satisfied its burden of proving diversity jurisdiction"); *Exclusive Temporaries of Ga., Inc. v. A & R Janitorial Servs.,* No. 88 C 5501, 1988 WL 72303, at *1 (N.D.Ill. July 1, 1988) (holding that diversity jurisdiction was not established where it was unclear on the pleadings whether a defen-

dant was a sole proprietorship, a corporation, or a partnership).[1]

■ Pursuant to 28 U.S.C. § 1653, the Court will grant AMCO leave to amend the defective allegations of citizenship in its notice of removal with respect to Lyle Lyerla and Wildewood. "[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir.1992). *See also Guaranty Nat'l Title Co.*, 101 F.3d at 59 (noting that dismissal of a case due to defective allegations of federal subject matter jurisdiction is appropriate only when "after multiple opportunities [the parties asserting federal jurisdiction] do not demonstrate that jurisdiction is present[.]"). *Cf. Bova v. U.S. Bank, N.A.*, 446 F.Supp.2d 926, 936–37 (S.D.Ill. 2006) (quoting *Alsup v. 3–Day Blinds, Inc.*, 435 F.Supp.2d 838, 844 n. 2 (S.D.Ill.2006)) ("A notice of removal may be amended more than thirty days after the time to remove has expired . . . to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice.").

Therefore, it is hereby **ORDERED** that AMCO **SHALL** file an amended notice of removal not later than **thirty (30) days** from the date of entry of this Order. In the amended notice of removal, AMCO **SHALL** properly allege the citizenship of Lyle Lyerla for purposes of federal diversity jurisdiction. Also, AMCO **SHALL** properly allege the citizenship of Wildewood as a sole proprietorship, corporation, or other business entity for diversity purposes in conformity with this Order.

**IT IS SO ORDERED.**

1. Naturally, if Wildewood is a partnership or other form of unincorporated association, including a limited liability company, then it is AMCO's burden properly to allege the citizenship of all members of such a partnership or association, including natural persons, corporations, partnerships, and trusts. *See Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir.2003); *America's Best Inns*, 980 F.2d at 1073.