**Charles ASPERGER and Debra Asperger, Plaintiffs,**

v.

**SHOP VAC CORPORATION and Sears Holdings Corporation, d/b/a K–Mart, Defendants.**

**Civil No. 07–772–GPM.**

United States District Court, S.D. Illinois.

Nov. 26, 2007.

Bob L. Perica, Percia Law Firm, Wood River, IL, for Plaintiffs.

Theodore J. MacDonald, Jr., St. Louis, IL, for Defendants.

### MEMORANDUM AND ORDER

MURPHY, District Judge:

#### I. INTRODUCTION

This matter is before the Court on preliminary review of the allegations of federal subject matter jurisdiction asserted in the notice of removal filed by Defendant Shop Vac Corporation. *See Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986) ("The

first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *Board of Educ. of Decatur Sch. Dist. No. 61 v. Rainbow/Push Coal.*, 75 F.Supp.2d 916, 918 (C.D.Ill.1999) (citing *Wisconsin Knife Works*, 781 F.2d at 1282) (reviewing a notice of removal sua sponte and holding that the court lacked federal subject matter jurisdiction); *Waymar Med., Inc. v. American Med. Elecs., Inc.*, 786 F.Supp. 754, 755 (E.D.Wis.1992) (same). *See also Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir.2002) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999)) ("Jurisdiction is the 'power to declare law,' and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte,* they must."); *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir.1994) (noting that a federal court "has an independent duty to satisfy itself that it has subject-matter jurisdiction"); *Kurz v. Fidelity Mgmt. & Research Co.*, No. 07–CV–592–JPG, 2007 WL 2746612, at *1 (S.D.Ill. Sept. 18, 2007) ("The limited nature of federal subject matter jurisdiction imposes on federal courts a duty to examine their jurisdiction at every stage of a proceeding, sua sponte if need be."); *Kuntz v. Illinois Cent. R.R Co.*, 469 F.Supp.2d 586, 588 (S.D.Ill.2007) ("Because a federal court's jurisdiction is limited, it has a … nondelegable duty to police the limits of federal jurisdiction with meticulous care.").

This action was filed originally in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, on September 28, 2007. The complaint in the case alleges that on October 1, 2005, Plaintiff Charles Asperger was using a Shop Vac vacuuming device in the garage of his home in Edwardsville, Illinois. Mr. Asperger alleges that the device ignited fumes in the garage, causing him to suffer burns to over fifty percent of his body, and resulting in $676,819.79 in damage to his home and belongings. Mr. Asperger asserts claims for negligence against Defendant Shop Vac Corporation ("Shop Vac"), the manufacturer of the Shop Vac device that allegedly caused his injuries, and Defendant Sears Holdings Corporation d/b/a K–Mart, ("Sears") from which Mr. Asperger alleges he purchased the Shop Vac device. His wife, Plaintiff Debra Asperger, asserts a claim for loss of consortium against Shop Vac. Shop Vac has removed the case from state court to this Court, asserting federal subject matter jurisdiction on the basis of diversity of citizenship. Having reviewed carefully the jurisdictional allegations contained in Shop Vac's notice of removal, the Court concludes that federal subject matter jurisdiction does not exist in this case. Accordingly, the case will be remanded to state court.

## II. Discussion

### A. Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking removal has the burden of establishing federal jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir.2006); *Vogel v. Merck & Co.*, 476 F.Supp.2d 996, 998 (S.D.Ill.2007); *Fuller v. BNSF Ry. Co.*, 472 F.Supp.2d 1088, 1091 (S.D.Ill.2007). " 'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Yount v. Shashek*, 472 F.Supp.2d 1055, 1057–58 (S.D.Ill.2006) (quoting *Doe v. Al-*

*lied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir.1993)). "All doubts about the propriety of removal are to be resolved in favor of remand." *Disher v. Citigroup Global Mkts., Inc.,* 487 F.Supp.2d 1009, 1014 (S.D.Ill.2007). *See also Alsup v. 3–Day Blinds, Inc.,* 435 F.Supp.2d 838, 841 (S.D.Ill.2006) ("Doubts concerning removal must be resolved in favor of remand to the state court."); *Littleton v. Shelter Ins. Co.,* No. 99–912–GPM, 2000 WL 356408, at *1 (S.D.Ill. Mar. 9, 2000) ("The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand.").

 Removal based on federal diversity jurisdiction requires, of course, that the parties to a case be of completely diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant, and that the amount in controversy exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); *Carden v. Arkoma Assocs.,* 494 U.S. 185, 187, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990); *Rubel v. Pfizer Inc.,* 361 F.3d 1016, 1017 (7th Cir.2004); *Lyerla v. Amco Ins. Co.,* 461 F.Supp.2d 834, 835 (S.D.Ill.2006); *Cassens v. Cassens,* 430 F.Supp.2d 830, 832–33 (S.D.Ill.2006). However, even where diversity of citizenship is not complete, a federal court may disregard the citizenship of a diversity-defeating defendant on removal when that defendant has been fraudulently joined, that is, "there is no possibility that a plaintiff can state a cause of action against [the] nondiverse defendant[ ] in state court, or where there has been outright fraud in [the] plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.,* 990 F.2d 323, 327 (7th Cir.1993). *See also Hoosier Energy Rural Elec. Coop., Inc. v. Amoco Tax Leasing IV Corp.,* 34 F.3d 1310, 1315 (7th Cir.1994); *Smith v. Merck & Co.,* 472 F.Supp.2d 1096, 1098 (S.D.Ill. 2007); *Bova v. U.S. Bank, N.A.,* 446 F.Supp.2d 926, 930 (S.D.Ill.2006). A de-

fendant seeking removal based on alleged fraudulent joinder to defeat diversity has the "heavy" burden of proving that, after the court resolves all issues of law and fact in a plaintiff's favor, there is no possibility that the plaintiff can establish a cause of action against a diversity-defeating defendant in a state court. *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir.1992); *Brooks v. Merck & Co.,* 443 F.Supp.2d 994, 998 (S.D.Ill.2006); *Bavone v. Eli Lilly & Co.,* Civil No. 06–153–GPM, 2006 WL 1096280, at *2 (S.D.Ill. Apr. 25, 2006); *Riddle v. Merck & Co.,* Civil No. 06–172–GPM, 2006 WL 1064070, at *2 (S.D.Ill. Apr. 21, 2006).

## B. Fraudulent Joinder

In this case, it appears from the record that an amount in excess of $75,000, exclusive of interest and costs, is in controversy. However, diversity of citizenship is not complete. Shop Vac is a corporation incorporated under the law of New Jersey with its principal place of business in Pennsylvania. Mr. and Mrs. Asperger are citizens of Illinois, as is Sears, which is a corporation incorporated under Delaware law with its principal place of business in Illinois. Shop Vac contends that the citizenship of Sears may be disregarded because Sears has been fraudulently joined to defeat diversity. The basis of Shop Vac's claim of fraudulent joinder is the familiar doctrine of the corporate veil. Specifically, Shop Vac asserts that, contrary to the allegations of the Aspergers' complaint, Sears does not do business as K–Mart. Rather, Sears is the parent corporation of K–Mart Holding Corporation, which in turn is the corporate parent of K–Mart Corporation, the company that actually does business as K–Mart. Under settled principles regarding the separateness of corporate identity, Shop Vac argues, Sears cannot be held liable for the acts of K–Mart Corporation.

In a case in which the Court's diversity jurisdiction is invoked, the Court must apply Illinois law with respect to matters of substantive law, while applying federal law as to matters of procedure. *See Hanna v. Plumer*, 380 U.S. 460, 464–65, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Tropp v. Western–Southern Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir.2004); *First Nat'l Bank & Trust Corp. v. American Eurocopter Corp.*, 378 F.3d 682, 689 (7th Cir.2004); *LaRoe v. Cassens & Sons, Inc.*, 472 F.Supp.2d 1041, 1046 (S.D.Ill.2006). Shop Vac appears to assume that Illinois law governs the issue of veil-piercing in this matter, and absent evidence of a conflict between Illinois law and the law of Delaware, where, as noted, Sears is incorporated, the Court is entitled to assume that Illinois furnishes the relevant substantive law as to this issue. *See Clevenger v. Eastman Chem. Co.*, No. 07–CV–148–DRH, 2007 WL 2458474, at *4 n. 2 (S.D.Ill. Aug. 24, 2007) (citing *Potter v. Janus Inv. Fund*, 483 F.Supp.2d 692, 701 n. 4 (S.D.Ill. 2007)) (a federal court presumptively applies the substantive law of the forum, unless the parties to an action dispute the application of such law). Moreover, even were the Court to conduct a conflict of laws analysis, the result would be the same.

In diversity cases, of course, Illinois law regarding conflict of laws is deemed to be substantive. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 634 (7th Cir.2002); *Land v. Yamaha Motor Corp.*, 272 F.3d 514, 516 (7th Cir.2001); *In re General Motors Corp. Dex–Cool Prods. Liab. Litig.*, 241 F.R.D. 305, 315 (S.D.Ill.2007). Under Illinois law, "the rights and liabilities of a corporation with respect to a third person that arise from a corporate act of a sort that can be done by an individual are determined by the same choice-of-law principles as are applicable to non-corporate parties." *Lynch v. Maerklin of Am., Inc.*, No. 88 C 3725, 1989 WL 82002, at *2 (N.D.Ill. July 10, 1989) (quoting Restatement (Second) of Conflict of Laws § 301 (1971)). *See also Schillinger v. 360Networks USA, Inc.*, Civil No. 06–138–GPM, 2006 WL 1388876, at *5 & n. 3 (S.D.Ill. May 18, 2006); *Bankard v. First Carolina Communications, Inc.*, No. 89 C 8571, 1991 WL 268652, at *11 (N.D.Ill. Dec. 5, 1991). Because the claims in this case sound in tort, Illinois law requires the Court to determine what state has the most significant relationship to those claims by evaluating the following factors: (1) the place of the injury; (2) the place of the tortious conduct; (3) the domicile of the parties; and (4) the place where the relationship between the parties is centered. *See Fredrick v. Simmons Airlines, Inc.*, 144 F.3d 500, 503–04 (7th Cir.1998); *Pittway Corp. v. Lockheed Aircraft Corp.*, 641 F.2d 524, 526 (7th Cir.1981); *Ingersoll v. Klein*, 46 Ill.2d 42, 262 N.E.2d 593, 596 (1970). In this instance, because Illinois is both the place where the injury occurred and the place where Mr. and Mrs. Asperger are domiciled, the Court concludes that Illinois has the most significant relationship to the claims in this case. *See Spinozzi v. ITT Sheraton Corp.*, 174 F.3d 842, 844 (7th Cir.1999) (noting that "in the absence of unusual circumstances, the highest scorer on the 'most significant relationship' test is ... the place where the tort occurred."); *Reid v. Norfolk & W. Ry. Co.*, 157 F.3d 1106, 1110 n. 3 (7th Cir.1998) ("Illinois courts apply the law of the state in which the tort occurred unless another state has a more significant relationship to the occurrence or the parties."); *Miller v. Long–Airdox Co.*, 914 F.2d 976, 978 (7th Cir.1990) (quoting *Ferguson v. Kasbohm*, 131 Ill.App.3d 424, 86 Ill.Dec. 605, 475 N.E.2d 984, 986 (1985)) ("Illinois law pre-

sumes that the law of the state where the injury occurred will govern 'unless another state has a more significant relationship to the occurrence or to the parties involved.' "). Accordingly, Illinois law governs the issue of veil-piercing in this matter.

"Under Illinois law, a corporation is a legal entity separate and distinct from its shareholders, directors and officers, and, generally, from other corporations with which it may be affiliated." *Van Dorn Co. v. Future Chem. & Oil Corp.*, 753 F.2d 565, 569 (7th Cir.1985). *See also Polites v. U.S Bank Nat'l Ass'n*, 361 Ill.App.3d 76, 296 Ill.Dec. 718, 836 N.E.2d 133, 137 (2005)("In Illinois, corporations are treated as separate legal entities even where one wholly owns the other and the two have mutual dealings."); *In re Estate of Wallen*, 262 Ill.App.3d 61, 199 Ill.Dec. 359, 633 N.E.2d 1350, 1357 (1994) (quoting *Gallagher v. Reconco Builders, Inc.*, 91 Ill.App.3d 999, 47 Ill.Dec. 555, 415 N.E.2d 560, 563 (1980)) ("A corporation is a legal entity which exists separate and distinct from its shareholders, officers, and directors, who are not, as a general rule, liable for the corporation's obligations."); 1 William Meade Fletcher et al., *Fletcher Cyclopedia of the Law of Private Corporations* § 25 (perm.ed., rev.vol.1999) ("It is generally accepted that the corporation is an entity distinct from its shareholders ... with rights and liabilities not the same as theirs individually and severally.") (collecting cases). In rare instances courts will disregard the corporate form to impose liability on shareholders and affiliated corporations if there is "such unity of interest and ownership that the separate personalities of the corporation and the individual [or other corporation] no longer exist" and "circumstances [are] such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Van Dorn Co.*, 753 F.2d at 569–70. *See also Main Bank of Chicago v. Baker*, 86 Ill.2d 188, 56 Ill.Dec. 14, 427 N.E.2d 94, 101 (1981) (under Illinois law courts will disregard the corporate form where it is shown that a corporation "is so controlled and its affairs so conducted that it is a mere instrumentality of another, and it must further appear that observance of the fiction of separate existence would, under the circumstances, sanction a fraud or promote injustice."); *Daley v. American Drug Stores, Inc.*, 294 Ill.App.3d 1024, 229 Ill.Dec. 373, 691 N.E.2d 846, 849 (1998) (stating that a court will pierce the corporate veil only if one corporation so controls the affairs of another that the latter is the mere instrumentality or dummy of the former and that, under the circumstances, the observance of the fiction of separate corporate existence will sanction fraud or injustice). However, piercing the corporate veil is an equitable remedy that Illinois courts should "undertake[ ] reluctantly." *Walker v. Dominick's Finer Foods, Inc.*, 92 Ill. App.3d 645, 47 Ill.Dec. 900, 415 N.E.2d 1213, 1217 (1980).[1]

While the Court recognizes the primacy of the doctrine of separate corporate identity, the Court is not aware of any requirement that Mr. and Mrs. Asperger plead facts to establish grounds for piercing Sears's corporate veil. *See Brown v.*

---

1. It perhaps is worth noting that Delaware law regarding piercing the corporate veil is substantially identical to Illinois law on this issue. *See Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir.1988) (applying Delaware law); *In re Foxmeyer Corp.*, 290 B.R. 229, 236 (Bankr.D.Del.2003) (same); *Mobil Oil Corp. v. Linear Films, Inc.*, 718 F.Supp. 260, 267–68 (D.Del.1989) (same); *Wallace v. Wood*, 752 A.2d 1175, 1184 (Del. Ch.1999); *Outokumpu Eng'g Enters., Inc. v. Kvaerner Enviropower, Inc.*, 685 A.2d 724, 729 (Del.Super.Ct.1996); *Harco Nat'l Ins. Co. v. Green Farms. Inc.*, CIV. A. No. 1131, 1989 WL 110537, at *4–6 (Del.Ch. Sept. 19, 1989).

*SBC Communications, Inc.,* No. 05–CV–777–JPG, 2007 WL 684133, at \**9–10 (S.D.Ill. Mar. 1, 2007) (holding that a plaintiff was not required to allege the elements necessary to pierce the corporate veil under Illinois law in order to withstand a motion to dismiss for failure to state a claim upon which relief can be granted); *Ishkhanian v. Forrester Clinic S.C.,* No. 02 C 9339, 2003 WL 21479072, at \*3 (N.D.Ill. June 25, 2003) ("[I]n order for the claim to withstand a motion to dismiss for failure to state a claim in federal court, no ... substantial showing ... of fact [regarding the propriety of piercing the corporate veil] is demanded."); *Steel Warehouse of Wis., Inc. v. Caterpillar, Inc.,* No. 90 C 20053, 1990 WL 304266, at \*2 (N.D.Ill. Nov. 13, 1990) (a complaint was not subject to dismissal merely because it did not plead the elements that must be proved to pierce the corporate veil under Illinois law). *See also Crook v. WMC Mortgage Corp.,* No. 06–cv–535–JPG, 2006 WL 2873439, at \*1 (S.D.Ill. Oct. 5, 2006) (noting that, when a case is removed from state court to federal court, it becomes subject to the Federal Rules of Civil Procedure as though it had been filed originally in federal court). More importantly, Shop Vac's argument for fraudulent joinder based on alleged deficiencies in the Aspergers' allegations regarding piercing Sears's corporate veil misapprehends where the burden of proof lies in this instance. It is not the burden of Mr. and Mrs. Asperger to show that their case does not belong in federal court. Rather, it is the burden of Shop Vac, as the party claiming fraudulent joinder in this case, to prove its claim of fraudulent joinder "by ... put[ting] forward evidence that would negate a possibility of liability on the part of ... a non-diverse defendant." *Hauck v. ConocoPhillips Co.,* Civil No.06–135–GPM, 2006 WL 1596826, at \*4 (S.D.Ill. June 6, 2006). *See also McNichols v. Johnson & Johnson,* 461 F.Supp.2d 736, 739 (S.D.Ill.

2006) (a defendant's burden of proving fraudulent joinder "cannot be shifted to the plaintiff by ... pointing to formal defects in the plaintiff's submissions to the court."). Further, Shop Vac's "affirmative proof of fraudulent joinder must be clear and convincing." *Hauck,* 2006 WL 1596826, at \*4 (collecting cases).

■■■■ To determine whether a non-diverse defendant has been fraudulently joined, the Court has a limited power to resolve issues of fact. Specifically, " '[i]n a few cases, in which a plaintiff has stated a claim but has misstated or omitted discrete facts, the district court may ... pierce the pleadings and conduct a summary inquiry' as to the issue of fraudulent joinder." *Hill v. Olin Corp.,* No. 07–CV–0054–DRH, 2007 WL 1431865, at \*4 (S.D.Ill. May 14, 2007) (quoting *Larroquette v. Cardinal Health 200, Inc.,* 466 F.3d 373, 376 (5th Cir. 2006)). However, "piercing the pleadings is 'a strictly circumscribed inquiry limited to uncontroverted summary evidence which establishes unmistakably that a diversity-defeating defendant cannot possibly be liable to a plaintiff under applicable state law.' " *Id.* at \*6 (quoting *Rutherford v. Merck & Co.,* 428 F.Supp.2d 842, 848 (S.D.Ill.2006)). *See also Faucett v. Ingersoll–Rand Mining & Mach. Co.,* 960 F.2d 653, 654–55 (7th Cir.1992) (in a products liability action, fraudulent joinder was established by a diversity-defeating defendant's uncontradicted affidavit stating that he had nothing to do with the machine that caused the plaintiff's injury); *Veugeler v. General Motors Corp.,* No. 96 C 7278, 1997 WL 160749, at \*3 (N.D.Ill. Apr. 2, 1997) (in a products liability action arising from an allegedly defective airbag, fraudulent joinder was established by an uncontradicted affidavit attesting that a non-diverse defendant never manufac-

tured the airbag at issue). *Accord Gordon v. Hartford Fire Ins. Co.*, 105 Fed. Appx. 476, 481 (4th Cir.2004) (holding that the plaintiff fraudulently joined non-diverse defendants against whom she already had won default judgments in a previous state suit); *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881–82 (10th Cir.1967) (holding that a non-diverse railway employee was fraudulently joined where uncontroverted evidence showed that he had left the employ of the defendant railroad approximately fifteen months before the accident giving rise to the case occurred); *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 84–85 (10th Cir.1964) (holding, in a libel case by a football player against a non-resident magazine publisher and an in-state distributor, that the distributor was fraudulently joined where the Supreme Court of Oklahoma in a prior companion case by another Oklahoma football player for libel against the publisher and distributor held that the distributor was not liable); *Lobato v. Pay Less Drug Stores, Inc.*, 261 F.2d 406, 409 (10th Cir.1958) (corporate officers were fraudulently joined where uncontradicted affidavits showed that they had nothing to do with the assembly and sale of an allegedly defective bicycle); *Vogt v. Time Warner Entertainment Co., L.P.*, No. CIV. A. 01–905, 2001 WL 360058, at *1 (E.D.Pa. Apr. 3, 2001) (stating that, in the fraudulent joinder context, "piercing [the pleadings] must be limited to circumstances ... where the Court [can] reach[ ] outside the pleadings to consider an affidavit that completely divorce[s] the challenged defendant from the allegations and [leaves] no doubt that the defendant was [fraudulently] joined."). Importantly, the fact that a court may in its discretion pierce the pleadings in evaluating a claim of fraudulent joinder does not impose any burden of proof upon a plaintiff. *See*

*Arseneault v. Congoleum Corp.*, No. 01 Civ. 10657(LMM), 2002 WL 472256, at *2 (S.D.N.Y. Mar. 26, 2002). At all times the burden of proving federal jurisdiction is squarely on a removing defendant. *See id.* ("[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court and that party may not ... be relieved of [its] burden by any formal procedure.").

▇▇▇▇ The instant case plainly is not one in which piercing the pleadings is appropriate to resolve the issue of fraudulent joinder. Although Shop Vac has submitted evidence regarding the separate corporate identity of Sears and K–Mart in this case, the mere fact of separate corporate identity, in and of itself, is not sufficient to establish fraudulent joinder to defeat diversity. In so holding, the Court is mindful that the inquiry on a claim of fraudulent joinder is even more lenient than the inquiry on a motion for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, because, unlike the Rule 12(b)(6) inquiry, in evaluating fraudulent joinder "a federal court is required to interpret both law and fact in the light most favorable to a plaintiff." *Hill*, 2007 WL 1431865, at *4. Further, in ruling on a claim of fraudulent joinder, the Court is not to pretry the merits of a claim. The Court's role in evaluating allegations of fraudulent joinder is "to determine whether Plaintiff's complaint provides a reasonable basis for predicting that the plaintiff might be able to recover against an instate defendant .... not to ascertain the merits of [the] claim." *Id.* (quoting *Martin v. Chubb Lloyds Ins. Co. of Tex.*, No. SA–04–CV–480, 2004 WL 2526425, at *4 (W.D.Tex. Oct. 21, 2004)). *See also Bova*, 446 F.Supp.2d at 940 n. 7 (citing *Riddle*, 2006 WL 1064070, at *5) (in ruling on a

claim of fraudulent joinder to defeat diversity, "the Court's task is to avoid pretrying a plaintiff's claims on their merits and to resolve all issues of fact in favor of remand."). Where the issue of piercing the corporate veil cannot be resolved by the Court in ruling on Shop Vac's allegations of fraudulent joinder, this case must be remanded to state court for lack of federal subject matter jurisdiction in diversity.

### III. CONCLUSION

Pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**